UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT SCHUTZA,<br><br>                              Plaintiff,<br><br>     vs.<br><br>FRN OF SAN DIEGO, LLC,<br><br>                              Defendant. | CASE NO. 14cv2628 JM(RBB)<br><br>ORDER GRANTING MOTION TO DISMISS; GRANTING LEAVE TO AMEND |

Defendant FRN of San Diego, dba Witt Lincoln, ("Witt") moves to dismiss this disability discrimination action for failure to state a claim upon which relief can be granted. Plaintiff Scott Schutza ("Schutza") opposes the motion. Pursuant to Local Rule 7.1(d)(1), the court finds the matters presented appropriate for decision without oral argument. For the reasons set forth below, the court grants the motion to dismiss and grants Plaintiff 15 days leave to amend from the date of entry of this order.

## BACKGROUND

On November 5, 2014, Plaintiff commenced this action by filing a complaint alleging a single federal claim for violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12101, et seq., and three state law claims for violation of the Unruh Civil Rights Act, violation of the California Disabled Persons Act, and negligence. Plaintiff is an individual with physical disabilities who uses a wheelchair

for mobility.[1]  Witt is an automobile dealer in San Diego County.

In June 2014, Plaintiff went to Witt to test drive a vehicle.  (Compl. ¶7). Plaintiff, who cannot use his legs to drive, "wanted to test drive vehicles before he purchased a vehicle." (Compl. ¶9).  Witt does not "offer and will not install vehicle hand controls on vehicles for persons with disabilities to test drive the vehicles." Id. One Witt employee "told plaintiff that defendants would provide a rental car for him to test drive (with hand controls) but they would not provide any of the cars that it had for sale on the lot for use in test driving." Id.  The failure to provide the hand controls allegedly deprives Plaintiff of his rights under the ADA to "full and equal access." (Compl. ¶11).

## DISCUSSION

**Legal Standards**

Federal Rule of Civil Procedure 12(b)(6) dismissal is proper only in "extraordinary" cases. United States v. Redwood City, 640 F.2d 963, 966 (9th Cir. 1981).  Courts should grant 12(b)(6) relief only where a plaintiff's complaint lacks a "cognizable legal theory" or sufficient facts to support a cognizable legal theory. Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990).  Courts should dismiss a complaint for failure to state a claim when the factual allegations are insufficient "to raise a right to relief above the speculative level." Bell Atlantic Corp v. Twombly, 550 U.S. 544, 555 (2007) (the complaint's allegations must "plausibly suggest[]" that the pleader is entitled to relief); Ashcroft v. Iqbal, 556 U.S. 662 (2009) (under Rule 8(a), well-pleaded facts must do more than permit the court to infer the mere possibility of misconduct). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. at 678.  Thus, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.  The defect must appear

---

[1] The court notes that Plaintiff is a frequent filer in this judicial district, having filed at least 97 cases since June 13, 2012.

on the face of the complaint itself.  Thus, courts may not consider extraneous material in testing its legal adequacy.  Levine v. Diamanthuset, Inc., 950 F.2d 1478, 1482 (9th Cir. 1991).  The courts may, however, consider material properly submitted as part of the complaint.  Hal Roach Studios, Inc. v. Richard Feiner and Co., 896 F.2d 1542, 1555 n.19 (9th Cir. 1989).

Finally, courts must construe the complaint in the light most favorable to the plaintiff.  Concha v. London, 62 F.3d 1493, 1500 (9th Cir. 1995), cert. dismissed, 116 S. Ct. 1710 (1996).  Accordingly, courts must accept as true all material allegations in the complaint, as well as reasonable inferences to be drawn from them.  Holden v. Hagopian, 978 F.2d 1115, 1118 (9th Cir. 1992).  However, conclusory allegations of law and unwarranted inferences are insufficient to defeat a Rule 12(b)(6) motion.  In Re Syntex Corp. Sec. Litig., 95 F.3d 922, 926 (9th Cir. 1996).

**The Motion to Dismiss**

Witt argues that the ADA does not require the installation of hand controls on its vehicles-for-sale in order for disabled individuals to test drive the vehicles.  The court concludes that the ADA statutes concerning architectural and physical barriers do not, as currently pleaded, apply to the vehicles sold by Witt.  As there may be circumstances under which Plaintiff may state a claim, the court grants the motion to dismiss with 15 days leave to amend from the date of entry of this order.

The ADA sets forth "a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities."  42 U.S.C. §12101(b)(1).  To achieve that goal, the ADA prohibits discrimination in public accommodations with respect to the "full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation."  42 U.S.C. §12182(a).  The definition of the term "public accommodation" includes private facilities such as a "shopping center or other sales or rental establishment."  42 U.S.C. §12181(7)(A)(E).  The Witt facility is clearly a place of public accommodation.

Plaintiff' legal theory for ADA liability arises under Title III of the ADA which defines disability discrimination to include "a failure to remove architectural barriers, and communications barriers that are structural in nature, in existing facilities. . . where such removal is readily achievable." 42 U.S.C. § 12182(b)(A)(iv). The regulations highlight that "A public accommodation shall remove architectural barriers in existing facilities . . . where such removal is readily achievable, i.e., easily accomplishable and able to be carried out without much difficulty or expense." 28 C.F.R. §36.304(a). The regulation than provides a listing of 21 different items as examples of readily removable barriers. The list includes such things as installing ramps, widening doors, repositioning telephones, installing accessible door hardware, grab bars in toilet stalls, raised toilet seats, accessible parking spaces, and removing high pile carpeting. However, one item on the list, "installing vehicle hand controls," 28 C.F.R. §36.304(21), does not appear to readily relate to the facility's architectural barriers. The court notes that it is not clear from the record what "installing vehicle hand controls" means.[2] At a minimum, however, "installing vehicle hand controls" must relate to the scope of the regulation. That is, the removal of architectural barriers in existing facilities, and not the regulation of vehicles sold at the facility.

Here, there is no doubt that Witt, the automobile dealership, is a place of public accommodation subject to the architectural barrier requirements of the ADA. Plaintiff's claims, however, do not arise out of or relate to architectural barriers existing at the facility. Rather, Plaintiff claims that the vehicles sold by Witt must be retrofitted to accommodate his desire to test drive every vehicle sold by Witt, whether a new, certified, or used vehicle. Plaintiff asserts that the absences of hand controls is an impediment to his "being able to take advantage of this privilege [a test drive] because it requires a person to be able to use their legs." (Oppo. at p.2:3-5). This argument ignores that 42 U.S.C. §12182(b)(2)(a)(iv), the statute under which Plaintiff seeks

---

[2] In any amended pleading, Plaintiff is instructed to identify what he means by "installing vehicle hand controls."

relief, applies to the removal of "architectural barriers in existing facilities . . . where such removal is readily achievable. 28 C.F.R. §36.304(a). As the predicate to Plaintiff's claim relates to the vehicles, and not "existing facilities," the complaint fails to state a claim under this statute.

As currently pleaded, the complaint also fails to state a claim under the auxiliary aids or services provision. The ADA also has a specific statute defining discrimination to include:

> (iii) a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden;

42 U.S.C. §12182(b)(2)(A)(iii). This auxiliary aids or services provision applies "to a wide range of services and devices for ensuring effective communication." 28 C.F.R., Part 36, Appendix C, analysis for §36.303. The Department of Justice noted that a number of interested parties suggested the expansion of the scope of the auxiliary aids or services provision. However, the definition was not expanded and limited to communications.

> Several commenters suggested the addition of current technological innovations in microelectronics and computerized control systems (e.g., voice recognition systems, automatic dialing telephones, and infrared elevator and light control systems) to the list of auxiliary aids and services. The Department interprets auxiliary aids and services as those aids and services designed to provide effective communications, i. e., making aurally and visually delivered information available to persons with hearing, speech, and vision impairments. Methods of making services, programs, or activities accessible to, or usable by, individuals with mobility or manual dexterity impairments are addressed by other sections of this part, including the requirements for modifications in policies, practices, or procedures (§ 36.302), the elimination of existing architectural barriers (§ 36.304), and the provision of alternatives to barriers removal (§ 36.305).

Id. Accordingly, this provision does not provide relief for Plaintiff's claim that the ADA imposes on Witt the duty to install vehicle hand controls on its vehicles for sale in order for the mobility disabled to take the vehicle for a test drive. This provision is

1    limited to services or devices for ensuring effective communications.³ See 28 C.F.R.,
2    Part 36, Appendix C, analysis for §36.303.
3           In sum, the court grants the motion to dismiss and grants Plaintiff 15 days leave
4    to amend from the date of entry of this order to plead a sufficient claim if he is able to
5    do so.
6           **IT IS SO ORDERED.**
7    DATED: February 11, 2015
8                                                    _____
                                                      Hon. Jeffrey T. Miller
9    cc:        All parties                          United States District Judge
10

---

27   ³ The court notes that Plaintiff's claim is particularly broad. The complaint alleges that Witt offered to provide Plaintiff with a rental car of similar make, model, and year with the required hand controls. (Compl. ¶9). Under Plaintiff's view, the ADA imposes on automobile dealers the duty to install, or make available for installation, hand controls on every vehicle if so requested.