1
2
3
4
5
6
7
8                        **UNITED STATES DISTRICT COURT**

9                       **SOUTHERN DISTRICT OF CALIFORNIA**

10   SCOTT SCHUTZA,                           CASE NO. 14cv2628 JM(RBB)

11                              Plaintiff,    ORDER GRANTING MOTION TO
                                              DISMISS WITH PREJUDICE
12         v.

13   FRN OF SAN DIEGO, LLC,

14                              Defendant.

15         Defendant FRN of San Diego, dba Witt Lincoln, ("Witt") moves to dismiss the

16   First Amendment Complaint ("FAC") for failure to state a claim upon which relief can

17   be granted.  Plaintiff Scott Schutza ("Schutza") opposes the motion.  Pursuant to Local

18   Rule 7.1(d)(1), the court finds the matters presented appropriate for decision without

19   oral argument.  For the reasons set forth below, the court grants the motion to dismiss

20   with prejudice and without leave to amend.

21                              **BACKGROUND**

22         On November 5, 2014, Plaintiff commenced this action by filing a complaint

23   alleging a single federal claim for violation of the Americans with Disabilities Act

24   ("ADA"), 42 U.S.C. §12101, et seq., and three state law claims for violation of the

25   Unruh Civil Rights Act, violation of the California Disabled Persons Act, and

26   negligence.  Plaintiff's claims arise from the following generally described conduct.

27         Plaintiff is an individual with physical disabilities who uses a wheelchair for

28

mobility.[1]  Witt is an automobile dealer in San Diego County.  In June 2014, Plaintiff went to Witt to test drive a vehicle.  (FAC ¶8).  Plaintiff, who cannot use his legs to drive, wanted "to test drive the used vehicle he was interested in." (FAC ¶10).  In order to take a vehicle for a test drive, Plaintiff requested that Witt temporarily install vehicle hand controls on the selected test vehicle.  (FAC ¶13).  Plaintiff was informed that "Witt does not install vehicle hand controls on any vehicles for sale and that they would not do so for him as an accommodation."  Id.  Witt also informed Plaintiff that it would "help him find a rental car that could have vehicle hand controls installed if any were available but that none of their cars [] would be so outfitted."  Id.   Plaintiff "understood that he would have to outfit any vehicle he purchased with vehicle hand controls after he bought the car."  (FAC ¶15).

On February 11, 2015, the court granted Witt's motion to dismiss the original complaint for failure to state a claim.  The FAC sets forth few additional allegations in support of the disability discrimination claims.  Witt renews its motion to dismiss on essentially the same grounds raised in support of the original motion to dismiss.  Plaintiff opposes the motion.

## DISCUSSION

**Legal Standards**

Federal Rule of Civil Procedure 12(b)(6) dismissal is proper only in "extraordinary" cases. United States v. Redwood City, 640 F.2d 963, 966 (9th Cir. 1981).  Courts should grant 12(b)(6) relief only where a plaintiff's complaint lacks a "cognizable legal theory" or sufficient facts to support a cognizable legal theory. Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990).  Courts should dismiss a complaint for failure to state a claim when the factual allegations are insufficient "to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (the complaint's allegations must "plausibly

---

[1] The court notes that Plaintiff is a frequent filer in this judicial district, having filed at least 97 cases since June 13, 2012.

suggest[]" that the pleader is entitled to relief); <u>Ashcroft v. Iqbal</u>, 556 U.S. 662 (2009) (under Rule 8(a), well-pleaded facts must do more than permit the court to infer the mere possibility of misconduct). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." <u>Id.</u> at 678.  Thus, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." <u>Id.</u>  The defect must appear on the face of the complaint itself.  Thus, courts may not consider extraneous material in testing its legal adequacy. <u>Levine v. Diamanthuset, Inc.</u>, 950 F.2d 1478, 1482 (9th Cir. 1991).  The courts may, however, consider material properly submitted as part of the complaint. <u>Hal Roach Studios, Inc. v. Richard Feiner and Co.</u>, 896 F.2d 1542, 1555 n.19 (9th Cir. 1989).

Finally, courts must construe the complaint in the light most favorable to the plaintiff. <u>Concha v. London</u>, 62 F.3d 1493, 1500 (9th Cir. 1995), <u>cert. dismissed</u>, 116 S. Ct. 1710 (1996).  Accordingly, courts must accept as true all material allegations in the complaint, as well as reasonable inferences to be drawn from them. <u>Holden v. Hagopian</u>, 978 F.2d 1115, 1118 (9th Cir. 1992).  However, conclusory allegations of law and unwarranted inferences are insufficient to defeat a Rule 12(b)(6) motion. <u>In Re Syntex Corp. Sec. Litig.</u>, 95 F.3d 922, 926 (9th Cir. 1996).

**The Motion to Dismiss**

The ADA sets forth "a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities."   42 U.S.C. §12101(b)(1).  To achieve that goal, the ADA prohibits discrimination in public accommodations with respect to the "full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation."   42 U.S.C. §12182(a).   The definition of the term "public accommodation" includes private facilities such as a "shopping center or other sales or rental establishment."  42 U.S.C. §12181(7)(A)(E).  The Witt facility is clearly a place of public accommodation.

Plaintiff's legal theory for ADA liability arises under Title III of the ADA which defines disability discrimination to include "a failure to remove architectural barriers, and communications barriers that are structural in nature, in existing facilities. . . where such removal is readily achievable." 42 U.S.C. § 12182(b)(A)(iv). The regulations highlight that "[a] public accommodation shall remove architectural barriers in existing facilities . . . where such removal is readily achievable, i.e., easily accomplishable and able to be carried out without much difficulty or expense." 28 C.F.R. §36.304(a). The regulation then provides a listing of 21 different items as examples of readily removable barriers. The list includes such things as installing ramps, widening doors, repositioning telephones, installing accessible door hardware, grab bars in toilet stalls, raised toilet seats, accessible parking spaces, and removing high pile carpeting.[2] Each identified item promotes access by the disabled to a place of public accommodation by remediating architectural barriers to the physical facility. However, one outlier on the list, "installing vehicle hand controls," 28 C.F.R. §36.304(a)(21), does not appear to readily relate to the facility's architectural barriers. The court notes that it is not clear from the record what "installing vehicle hand controls" means. At a minimum, however, "installing vehicle hand controls" must relate to the scope of the regulation. That is, the removal of architectural barriers in existing facilities, and not the regulation of vehicles sold at the facility.

Here, there is no doubt that Witt, the automobile dealership, is a place of public accommodation subject to the architectural barrier requirements of the ADA. Plaintiff's claims, however, do not arise out of or relate to architectural barriers existing at the facility. Rather, Plaintiff claims that the vehicles sold by Witt must be retrofitted

---

[2] The court notes that the first 20 examples of readily removable barriers, 28 C.F.R. §§36.304(a)(1) - (20), directly relate to "architectural barriers, [] that are structural in nature."   42 U.S.C. §   12182(b)(A)(iv).   As Title III disability discrimination is statutorily defined as a "failure to remove architectural barriers [] that are structural in nature in existing facilities," it is difficult to extend this definition to include the installation and removal of vehicle hand controls in Defendant's vehicle inventory. Plaintiff makes no showing that "vehicle hand controls" relates, in any manner, to any structural or architectural barrier at the dealership's physical facilities.

1   or temporarily modified to accommodate his desire to test drive vehicles sold by Witt,

2   whether new or used.   Plaintiff asserts that the absence of hand controls is an

3   impediment to persons with disabilities enjoying the same benefits as individuals.  This

4   argument ignores that 42 U.S.C. §12182(b)(2)(a)(iv), the statute under which Plaintiff

5   seeks relief, only applies to the removal of "architectural barriers in existing facilities

6   . . . where such removal is readily achievable.  28 C.F.R. §36.304(a).  As the predicate

7   for Plaintiff's claim relates to the vehicle inventory sold by Witt, and not architectural

8   barriers related to "existing facilities" as required by statute, the FAC fails to state a

9   claim.

10          Furthermore, the Code of Federal Regulations dealing with disabilities in public

11   accommodations clarifies that a place of public accommodation is not under an

12   obligation to alter the inventory of goods sold to accommodate individuals with

13   disabilities.

14          a) This part does not require a public accommodation to alter its inventory
           to include accessible or special goods that are designed for, or facilitate
15         use by, individuals with disabilities.

16   28 C.F.R. §36.307(a).  Pursuant to this regulation, Witt is under no duty to modify its

17   vehicle inventory to accommodate individuals with disabilities.  This regulation, in

18   combination with the scope of the ADA, prohibits discrimination in public

19   accommodations with respect to the "full and equal enjoyment of the goods, services,

20   facilities, privileges, advantages, or accommodations of any place of public

21   accommodation." 42 U.S.C. §12182(a).  The vehicles sold by Witt, as opposed to the

22   physical facilities of the dealership, need not comply with 42 U.S.C. §12182(b)(A)(iv).[3]

23          Plaintiff, without citation to any authority, argues that the "threshold question

24   in this case is whether the plaintiff has identified a particular privilege or advantage

25

26          [3] As the court concludes that the ADA does not impose a duty to install and
     uninstall vehicle hand controls, the court does not reach the factual issue of whether
27   the installation of vehicle hand controls is "easily accomplishable and able to be carried
     out without much difficulty or expense."  28 C.F.R. §36.304(a).  Similarly, the court
28   does not address whether Witt's offer to facilitate a rental car equipped with vehicle
     hand controls is a reasonable accommodation.

being offered to customers of the defendant's car dealership.  In the present case, the plaintiff has done so: the opportunity to test drive a vehicle before buying it."  (Oppo. at p.1:17-21).  This argument is untethered to relevant ADA statutes and regulations. In pertinent part, the ADA prohibits discrimination in places of public accommodation. 42 U.S.C. §12182(a).  The vehicle inventory sold by Witt, as opposed to its physical facilities, are simply not regulated by Title III of the ADA.

Plaintiff also argues that he is not seeking the modification of any finished good. (Oppo. at p.2:27-28).  Rather, Plaintiff simply desires that Witt install and then remove the hand controls on any of the vehicles he decides to test drive.  If Plaintiff does decide to purchase the vehicle, he represents that "he would have to outfit any vehicle he purchased with vehicle hand controls after he bought the car."  (FAC ¶15).  The court concludes that the installation, however temporary, of vehicle hand controls is, in fact, a modification to the vehicle, even if the vehicle hand controls are subsequently removed.

Finally, Plaintiff contends that the ADA, Title III, Technical Assistance Manual Covering Public Accommodations and Commercial Facilities, §III-4.4200 (1994 Supp.) (The "Manual") supports his theory of liability.  Specifically, Plaintiff represents that two illustrations identified in the 1994 Supplement support its position.  The first illustration provides:

> ILLUSTRATION 3: A small car rental office for a national chain is located in a rural community. Title III requires the company to install vehicle hand controls if it is readily achievable to do so. However, this procedure may not be readily achievable in a rural, isolated area, unless the company is provided adequate notice by the customer. What constitutes adequate notice will vary depending on factors such as the remoteness of the location, the availability of trained mechanics, the availability of hand controls, and the size of the fleet. For example, notice of an hour or less may be adequate at a large city site where it is readily achievable to stock hand controls and to have a mechanic always available who is trained to install them properly. On the other hand, notice of two days may be necessary for a small, rural site where it is not readily achievable to keep hand controls in stock and where there is only a part-time mechanic who has been trained in the proper installation of controls.

The second illustration provides:

1

2

3

4

> Does the requirement for readily achievable barrier removal apply to equipment? Yes. Manufacturers are not required by Title III to produce accessible equipment. Public accommodations, however, have the obligation, if readily achievable, to take measures, such as altering the height of equipment controls and operating devices, to provide access to goods and services.

5

6

> ILLUSTRATION: Although manufacturers of washing machines are not obligated under the ADA to produce machines of a particular design, laundromats or resort guest laundry rooms must do what is readily achievable to remove barriers to the use of existing machines.

7   § III–4.4200 (1994 Supp.).   The court rejects Plaintiff's argument that these

8   illustrations require Witt to install (and uninstall) vehicle hand controls in its vehicles

9   for sale.  The illustrations do not support Plaintiff's argument for two reasons.  First,

10  the identified illustrations do not readily translate to the circumstances of this case.

11  The first illustration deals with the rental of vehicles by disabled individuals from

12  companies in the business of renting vehicles to the public.  The second illustration

13  deals with the location of equipment controls by such businesses as laundromats.[4]

14  Neither illustration supports Plaintiff's argument because Witt is not a rental car

15  company, a laundromat, nor an equipment rental business.  The businesses identified

16  in the illustrations provide services to the general public, and do not involve the sale

17  of goods.  Second, the Manual is advisory, not obligatory.  See Thomas Jefferson

18  University v. Shalala, 512 U.S. 504, 512 (1994) (courts need not follow the Manual if

19  "plainly erroneous or inconsistent with the regulation").  The regulations at issue do

20  not require Witt to alter its inventory to include accessible or special goods that are

21  designed for, or facilitate use by, individuals with disabilities.  28 C.F.R. §36.307(a).

22  As the regulation does not require Witt to modify its vehicles for sale to accommodate

23  test drives of its vehicles by the disabled, the illustrations, as misconstrued by Plaintiff,

24

25

26

27

28

[4] The court notes that the second illustration highlights that a manufacturer is under no duty to modify its goods for sale to accommodate the disabled.  The duty to accommodate extends to the rental car company, or the operator of the laundromat, to ensure that the disabled have access to services provided by the company.  These illustrations do not relate to the sale of goods.

14cv2628

1   cannot require Witt to modify its vehicles and install temporary vehicle hand controls.[5]

2        In sum, the court grants the motion to dismiss with prejudice and without leave

3   to amend.

4        **IT IS SO ORDERED.**

5   DATED:  May 7, 2015

6

7                                   Hon. Jeffrey T. Miller

8   cc:        All parties        United States District Judge

---

[5] The court notes that the only relevant authority located by the court, Schutza v. Carmax Auto Superstores California, 2015WL1632716 (S.D. Cal. April 13, 2015), denied a motion to dismiss a complaint premised upon the installation of hand controls in automobiles for sale.  This authority, however, did not address the impact of 28 C.F.R. §36.307(a) and its mandate that places of public accommodation are not under a duty to alter their inventory of goods for sale to accommodate individuals with disabilities.